925 F.2d 1479
 18 U.S.P.Q.2d 1415
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Pieter KRAMER
 No. 90-1369.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1991.
 
 Before RICH, PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Kramer appeals from the February 15, 1990 and April 23, 1990 decisions of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 88-1930, affirming the rejection of claims 13, 14, 16, and 18-20 in Ser. No. 858,550 as unpatentable under 35 USC 103. We reverse.
 
 OPINION
 
 2
 This court has repeatedly cautioned against employing hindsight by using the applicant's disclosure as a blueprint to reconstruct the claimed invention out of isolated teachings in the prior art. See, e.g., Grain Processing Corp. v. American Maize-Products Co., 840 F.2d 902, 907, 5 USPQ2d 1788, 1792 (Fed.Cir.1988). This court has also cautioned against focussing on the obviousness of the differences between the claimed invention and the prior art rather than on the obviousness of the claimed invention as a whole. See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1383, 231 USPQ 81, 93 (Fed.Cir.1986), cert. denied, 480 U.S. 947 (1987).
 
 
 3
 The claimed invention as a whole in this case is a record carrier which employs depressions formed on a radiation-transmitting substrate as the optical structure and yet operates reflectively by employing a reflective layer on one side of the optical structure. The substrate itself acts as one layer to protect the optical structure from dust from one side, and a second layer protects the optical structure from the other side.
 
 
 4
 The Board begins with a prior art device which is not remotely similar to the claimed carrier; the device disclosed in Feinleib '386, is a transmissive carrier consisting of an amorphous semiconductor film 26 sandwiched between two transparent substrates 28 and 30. The Board then looks to another reference to change to a reflective system, another reference to replace the semiconductor film with thermoplastic material having an optical structure on one surface, yet another reference to insert a reflective layer on the optical structure,[1] and yet one more reference to include an additional protective layer over the optical structure.
 
 
 5
 Kramer argues that changing the carrier of Feinleib '386 to a reflective carrier using a reflective layer would render the carrier either inoperable or severely undesirable. The Commissioner's brief responds solely by citing In re Keller, 642 F.2d 413, 208 USPQ 871 (CCPA 1981). The Board's reliance on Keller is misplaced. It is true that it is the teachings, not the actual physical embodiments, of references that are considered in making an obviousness determination under 35 USC 103. Keller, 642 F.2d at 425, 208 USPQ at 881. On the other hand, it is equally true that if the teachings of a prior art reference would lead one skilled in the art to make a modification which would render another prior art device inoperable, then such a modification would generally not be obvious. See In re Gordon, 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed.Cir.1984). Kramer's argument in this regard is that the teaching of a reflective layer is incompatible with the use of an amorphous semiconductor film.
 
 
 6
 We do realize that this operability issue depends to some extent on the order in which one considers the modifications of the Feinleib '386 device which the Board concludes render the claimed invention obvious. For example, if the Feinleib '386 device is modified to employ a thermoplastic layer instead of an amorphous semiconductor film (as suggested in Feinleib '344) first, then further modifying the resulting device to operate in the reflective mode via a reflective layer would not render the device inoperable.
 
 
 7
 The error in this line of reasoning, however, is that it focusses on the obviousness of the modifications rather than on the obviousness of the claimed invention as a whole. The crux of the issue in this case can be stated as follows: is there a fair teaching in the prior art of a device which employs depressions formed in a substrate as the optical structure but also operates in the reflective mode? We see none in the cited prior art. Feinleib '344 suggests, in a single paragraph as an alternative to the preferred embodiment, the use of amorphous semiconductor films in a reflective carrier. Feinleib '386 suggests, in a single paragraph as an alternative to the preferred embodiment, the use of a thermoplastic layer in place of the amorphous semiconductor film. What is lacking, given a fair reading of these references as a whole, is any teaching which would lead one skilled in the art to use these alternatives together. In the absence of such teaching, we cannot agree that the claimed invention is rendered obvious by the cited combination of references.
 
 
 
 [1]
 The Board does not explicitly rely on the Goener reference for showing the use of a reflective layer, although both the Examiner's Answer and the Commissioner's brief to this court do so